**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| JESSE J. MAGANA., | § | |
| | § | Civil Case No. _____ |
| Plaintiff, | § | |
| | § | |
| vs. | § | NOTICE OF REMOVAL |
| | § | |
| UNION STANDARD, | § | |
| | § | |
| | § | **JURY REQUESTED** |
| Defendants. | § | |

**DEFENDANT ACADIA INSURANCE COMPANY'S (INCORRECTLY NAMED AS
UNION STANDARD) NOTICE OF REMOVAL OF ACTION UNDER DIVERSITY
JURISDICTION**

*Nature of the Suit*

1.      Plaintiff Jesse J. Magana contends that Defendant, Acadia Insurance Company (incorrectly

named as Union Standard) (referred to hereinafter as "Acadia Insurance Company") has a duty to

pay underinsured motorist benefits to Plaintiff Jesse J. Magana for injuries it sustained in a motor

vehicle accident on the ground that: (1) Plaintiff Jess J. Magana was covered by insurance issued

by Defendant Acadia Insurance Company, policy number CAA1695484 issued for OG

Construction (Plaintiff's employer at the time of the accident), (2) Defendant Acadia Insurance

Company was timely informed of the accident and that Plaintiff intended to claim underinsured

benefits in a letter dated February 13, 2016 and (3) the damages Plaintiff recovered from State

Farm, the insurer for the torfeasor Conrad Renteria, were insufficient to compensate Plaintiff for

his damages sustained as a result of the accident.  Plaintiff seeks damages from Acadia Insurance

Company for medical expenses past and future, physical pain and suffering in the past and future,

loss of earnings, loss of earning capacity, and mental anguish in the past and future.

*Procedural Background*

2.      On May 24, 2017, Jesse J. Magana ("Plaintiff"), filed Plaintiff's Original Petition, bearing

Cause No. CL-17-2273-G to institute suit against the Defendants in County Court at Law No. 7,

Hidalgo County, Texas, ("the State Court Action").[1]  Service on Union Standard was completed

on June 8, 2017.[2]

3.      This Notice of Removal is timely, as it is being filed within thirty days of Union Insurance

Company receipt of service of the Plaintiff's Petition.[3]  In addition, this Removal is being filed

within one year of the date that this suit was instituted.[4]

*Venue*

4.      Venue is proper in this district under 28 U.S.C. § 1446 (a) because this district and division

embrace the place in which the removed action was pending and because Plaintiff alleges that a

substantial part of the events giving rise to the Plaintiff's claims allegedly occurred in this district.[5]

*Jurisdictional Basis for Removal*

5.      Amount in Controversy.  This Court has original jurisdiction under 28 U.S.C. §1332 over

this civil action, in that it is a civil action where there is complete diversity of citizenship between

all properly joined parties, and the matter in controversy exceeds the sum of $75,000, exclusive of

interest and costs in that Plaintiff seeks damages in excess of $75,000.  This action may be removed

by Acadia Insurance Company under 28 U.S.C. §1441(b)(2) as there are no local defendants

because the proper Defendant is not a citizen of the State of Texas, where the action was brought.

---

[1] *See* Electronically Submitted Plaintiff's Original Petition being filed herewith as Exhibit "A", attached hereto and incorporated herein by reference for all purposes.
[2] See service of citation correspondence with CM/RRR No. 7015 1660 000 4327 9153 and proof of service from USPS filed herewith as Exhibit "B".
[3] 28 U.S.C. § 1446(b).
[4] 28 U.S.C. § 1447(c)(1).
[5] *See* Plaintiff's Original Petition, at p. 1, submitted herewith and incorporated herein by reference for all purposes as part of Exhibit "A."

**DEFENDANT UNION INSURANCE COMPANY'S NOTICE OF REMOVAL – PAGE 2**

6.      <u>Diversity Jurisdiction</u>.  Plaintiff Jesse J. Magana is an individual who resides in  the State of  Texas.

8.      Defendant Acadia Insurance Company (incorrectly named as Union Standard) is a corporation which is incorporated in the State of New Hampshire and maintains its principal place of business in Westbrook, Maine, therefore, Acadia Insurance Company is a citizen of the State of Maine, and is not a citizen of the State of Texas.[6]

9.      Defendant Union Standard Insurance Group, LLC ("Union Standard") is a Texas corporation which maintains its principal place of business in Texas. Therefore, it is a citizen of Texas, but should not be considered on improper party grounds.

10.     In Plaintiff's Petition, Plaintiff states the subject matter is within the jurisdictional limits of the Court.  Based on Acadia Insurance Company's communications with Defendant and Defendant's settlement demand to date, the amount in controversy in this matter clearly exceeds $75,000.

### *Plaintiff Improperly Named Union Standard as the Defendant in this Suit*

11.     Although Plaintiff asserts Defendant is a Texas Resident, Union Standard is not the proper party to this suit because Acadia Insurance Company, not Union Standard, issued the insurance policy under which Plaintiff is claiming underinsured motorist benefits.[7]

14.     Plaintiff has not and cannot plead any specific actionable conduct on the part of Union Standard other than its incorrect assertion that Union Standard issued the insurance policy under which Plaintiff claims underinsured motorist benefits.  As such Plaintiff has incorrectly named Union Standard as a defendant to this suit and should amend the style of this case to name Acadia

---

[6] *See* Designation of Acadia Insurance Company's Principal office and place of incorporation attached as t Exhibit "C;"

[7] See Commercial Lines Policy Declarations for Insurance Policy issued by Acadia Insurance Company under which Plaintiff is claiming underinsured motorist benefits attached hereto as Exhibit "D".

**DEFENDANT UNION INSURANCE COMPANY'S NOTICE OF REMOVAL – PAGE 3**

Insurance as the party Defendant.

*Additional Documents Filed In Support of Removal*

16.     Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the state court suit are being filed with this Notice (Exhibits A and B).

17.     Pursuant to 28 U.S.C. § 1446(d), Defendant Union Insurance Company will provide prompt written notice of the filing of this Notice of Removal to the Plaintiff, and will file a notice with County Court at Law No. 7, Hidalgo County, Texas.

18.     Pursuant to Local Rule 21, Defendant Union Insurance Company files the following documents along with this Notice.

       1.     All executed process in the case (Exhibit B);

       2.     Pleadings asserting causes of action, *e.g.*, petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings (Exhibit A);

       3.     All orders signed by the state judge (None);

       4.     The docket sheet (Exhibit E);

       5.     An index of matters being filed (Exhibit F); and

       6.     A list of all counsel of record, including addresses, telephone numbers and parties represented (Exhibit G).

    WHEREFORE, PREMISES CONSIDERED, Acadia Insurance Company (incorrectly named as Union Standard) prays that the above-styled action now pending against it in County Court of Law No. 7, Hidalgo County, Texas be removed therefrom to this Honorable Court.

**DEFENDANT UNION INSURANCE COMPANY'S NOTICE OF REMOVAL – PAGE 4**

Respectfully submitted,

**GRIFFITH LAW GROUP**
801 E. Fern Avenue, Suite 170
McAllen, Texas 78501
Tel. No. (956) 971-9446
Fax. No. (956) 971-9451
jrg@rgvfirm.com


By:    /s/    John R. Griffith
            **JOHN R. GRIFFITH**
            Texas Bar No. 08480750
            S.D. Tex. Id. No.  12186
            **ATTORNEY FOR DEFENDANT**


## CERTIFICATE OF SERVICE

This is to certify that on the  7 th day of July, 2017, a true and correct copy of the foregoing document has been sent in compliance with the Federal Rules of Civil Procedure to:

Everardo Abrego
944 W. Nolana Ste C
Pharr, TX 78577
Tel. No. (956) 702-4422
Fax. No. (956) 702-1676
litdept@abregolaw.com


/s/ John R. Griffith
JOHN R. GRIFFITH