**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| JESSE J. MAGANA., | § | |
| | § | Civil Case No. 7:17-cv-00262 |
| Plaintiff, | § | |
| | § | |
| vs. | § | NOTICE OF REMOVAL |
| | § | |
| UNION STANDARD, | § | |
| | § | |
| | § | **JURY REQUESTED** |
| Defendants. | § | |

<u>**DEFENDANT ACADIA INSURANCE COMPANY'S (INCORRECTLY NAMED AS UNION STANDARD) AMENDED NOTICE OF REMOVAL OF ACTION UNDER DIVERSITY JURISDICTION**</u>

Defendant, Acadia Insurance Company (Incorrectly named as Union Standard) files this Amended Notice of Removal in order to cure jurisdictional defects, namely to amend its jurisdictional basis of removal to assert Plaintiff is a resident and a citizen of the State of Texas and clarify certain paragraphs in its Notice of Removal as more fully described below.

***Nature of the Suit***

1.    Plaintiff Jesse J. Magana contends that Defendant, Acadia Insurance Company (incorrectly named as Union Standard) (referred to hereinafter as "Acadia Insurance Company") has a duty to pay underinsured motorist benefits to Plaintiff Jesse J. Magana for injuries it sustained in a motor vehicle accident on the ground that: (1) Plaintiff Jesse J. Magana was covered by insurance issued by Defendant Acadia Insurance Company, policy number CAA1695484 issued for OG Construction (Plaintiff's employer at the time of the accident), (2) Defendant Acadia Insurance Company was timely informed of the accident and that Plaintiff intended to claim underinsured benefits in a letter dated February 13, 2016 and (3) the damages Plaintiff recovered from State

**DEFENDANT UNION INSURANCE COMPANY'S NOTICE OF REMOVAL – PAGE 1**

Farm, the insurer for the torfeasor Conrad Renteria, were insufficient to compensate Plaintiff for his damages sustained as a result of the accident. Plaintiff seeks damages from Acadia Insurance Company for medical expenses past and future, physical pain and suffering in the past and future, loss of earnings, loss of earning capacity, and mental anguish in the past and future.

### *Procedural Background*

2.      On May 24, 2017, Jesse J. Magana ("Plaintiff"), filed Plaintiff's Original Petition, bearing Cause No. CL-17-2273-G to institute suit against the Defendants in County Court at Law No. 7, Hidalgo County, Texas, ("the State Court Action").[1]  Service on Union Standard was completed on June 8, 2017.[2]

3.      This Notice of Removal is timely, as it is being filed within thirty days of Union Insurance Company receipt of service of the Plaintiff's Petition.[3]  In addition, this Removal is being filed within one year of the date that this suit was instituted.[4]

### *Venue*

4.      Venue is proper in this district under 28 U.S.C. § 1446 (a) because this district and division embrace the place in which the removed action was pending and because Plaintiff alleges that a substantial part of the events giving rise to the Plaintiff's claims allegedly occurred in this district.[5]

### *Jurisdictional Basis for Removal*

5.      <u>Amount in Controversy</u>.  This Court has original jurisdiction under 28 U.S.C. §1332 over this civil action, in that it is a civil action where there is complete diversity of citizenship between

---

[1] *See* Electronically Submitted Plaintiff's Original Petition being filed herewith as Exhibit "A", attached hereto and incorporated herein by reference for all purposes.
[2] See service of citation correspondence with CM/RRR No. 7015 1660 000 4327 9153 and proof of service from USPS filed herewith as Exhibit "B".
[3] 28 U.S.C. § 1446(b).
[4] 28 U.S.C. § 1447(c)(1).
[5] *See* Plaintiff's Original Petition, at p. 1, submitted herewith and incorporated herein by reference for all purposes as part of Exhibit "A."

**DEFENDANT UNION INSURANCE COMPANY'S NOTICE OF REMOVAL – PAGE 2**

all properly joined parties, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs in that Plaintiff seeks damages in excess of $75,000. This action may be removed by Acadia Insurance Company under 28 U.S.C. §1441(b)(2) as there are no local defendants because the proper Defendant is not a citizen of the State of Texas, where the action was brought.

6.      Diversity Jurisdiction.  Plaintiff Jesse J. Magana is an individual who resides in the State of Texas and is a citizen of the State of Texas and has been a citizen of the State of Texas all times relevant to this suit.

8.      Defendant Acadia Insurance Company (incorrectly named as Union Standard) is a corporation which is incorporated in the State of New Hampshire and maintains its principal place of business in Westbrook, Maine, therefore, Acadia Insurance Company is a citizen of the State of Maine, and is not a citizen of the State of Texas.[6]

9.      Defendant Union Standard Insurance Group ("Union Standard") is a Texas corporation which maintains its principal place of business in Texas. Therefore, it is a citizen of Texas, but should not be considered on improper party grounds.

10.     In Plaintiff's Petition, Plaintiff states the subject matter is within the jurisdictional limits of the Court.  Based on Acadia Insurance Company's communications with Defendant and Defendant's settlement demand to date, the amount in controversy in this matter clearly exceeds $75,000.

### *Plaintiff Improperly Named Union Standard as the Defendant in this Suit*

11.     Although Plaintiff asserts Defendant is a Texas Resident, Union Standard is not the proper party to this suit because Acadia Insurance Company, not Union Standard, issued the insurance

---

[6] *See* Designation of Acadia Insurance Company's Principal office and place of incorporation attached as t Exhibit "C;"

policy under which Plaintiff is claiming underinsured motorist benefits.[7]

14.     Plaintiff has not and cannot plead any specific actionable conduct on the part of Union Standard other than its incorrect assertion that Union Standard issued the insurance policy under which Plaintiff claims underinsured motorist benefits.  As such Plaintiff has incorrectly named Union Standard as a defendant to this suit and should amend the style of this case to name Acadia Insurance as the party Defendant.

***Additional Documents Filed In Support of Removal***

16.     Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the state court suit are being filed with this Notice (Exhibits A and B).

17.     Pursuant to 28 U.S.C. § 1446(d), Acadia Insurance Company will provide prompt written notice of the filing of this Notice of Removal to the Plaintiff, and will file a notice with County Court at Law No. 7, Hidalgo County, Texas.

18.     Pursuant to Local Rule 21, Defendant Acadia Insurance Company files the following documents along with this Notice.

    1.    All executed process in the case (Exhibit B);

    2.    Pleadings asserting causes of action, *e.g.*, petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings (Exhibit A);

    3.    All orders signed by the state judge (None);

    4.    The docket sheet (Exhibit E);

    5.    An index of matters being filed (Exhibit F); and

    6.    A list of all counsel of record, including addresses, telephone numbers and parties represented (Exhibit G).

---

[7] See Commercial Lines Policy Declarations for Insurance Policy issued by Acadia Insurance Company under which Plaintiff is claiming underinsured motorist benefits attached hereto as Exhibit "D".

**DEFENDANT UNION INSURANCE COMPANY'S NOTICE OF REMOVAL – PAGE 4**

*Argument & Authorities Supporting Amendment to Cure Technical Defects in
Jurisdictional Allegations of Notice of Removal*

The Fifth Circuit has held that 28 U.S.C. § 1653, should be liberally construed to allow a party to cure technical defects, including the failure to specifically allege the citizenship of a party.[8] Section 28 U.S.C. § 1653 was enacted as part of the Judicial Code revisions of 1948.  It's predecessor, which was enacted 35 years earlier, "expressly limited jurisdictional amendments to cases in which diversity jurisdiction 'in fact existed at the time the suit was brought or removed, though defectively alleged." [9]

Further, the revision notes of 28 U.S.C. § 1653 provide the statute was amended "solely to expand the power to cure defective allegations of jurisdiction from diversity cases to all cases." [10] It is clear, based on 5th Circuit case law precedent, that 28 U.S.C. § 1653 was enacted to allow for amendments such as the ones Defendant Acadia Insurance seeks to make to its Notice of Removal in this case in order to cure a defective allegation in jurisdiction when jurisdiction in fact existed at the time the suit was brought and subsequently removed.  In our case, although Defendant Acadia Insurance alleged that Plaintiff was a resident, but failed to allege he is a citizen, diversity of citizenship jurisdiction in this case does in fact does exist because Plaintiff is a resident of the State of Texas and a citizen of the State of Texas.

For these reasons, Defendant Acadia Insurance Company prays the Court to allow it to cure the technical defect in jurisdiction allegations to clarify that Plaintiff is a citizen of the State of Texas as well as a resident of the State of Texas. Defendant Acadia Insurance Company also asks

---

[8] *Menendez v. Wal-Mart Stores, Inc.,* 364 Fed.Appx. 62, 2010 WL 445470 (5th Cir. 2010) *Citing Getty Oil Corp. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1258 N. 5 (5th Cir. 1988); *Whitemire v. Victus Ltd.,* 212 F.3d 885, 887-88 (5th Cir. 2000).
[9] *Whitemire v. Victus Ltd.,* 212 F.3d 885, 887-88 (5th Cir. 2000), Citing *Newman-Green, Inc., v. Alfonzo-Larrain,* 490 U.S. 826, 831 (1989).
[10] *Id.* (citing Historical and Revision Notes to 28 U.S.C. § 1653).

**DEFENDANT UNION INSURANCE COMPANY'S NOTICE OF REMOVAL – PAGE 5**

the Court leave to amend paragraph 17 to clarify Acadia Insurance Company (subsequent to filing its Notice of Removal with this Court) provided prompt written notice of the filing of this Notice of Removal to the Plaintiff, and (subsequent to filing its Notice of Removal with this Court) filed a notice with County Court at Law No. 7, Hidalgo County, Texas. Acadia Insurance Company further seeks leave from the Court to amend paragraph 18 to clarify that Acadia Insurance Company filed items 1-6 described above in paragraph 18 with its Notice of Removal to this Court.

WHEREFORE, PREMISES CONSIDERED, Acadia Insurance Company (incorrectly named as Union Standard) prays that the above-styled action now pending against it in County Court of Law No. 7, Hidalgo County, Texas be removed therefrom to this Honorable Court.

Respectfully submitted,

**GRIFFITH LAW GROUP**
801 E. Fern Avenue, Suite 170
McAllen, Texas 78501
Tel. No. (956) 971-9446
Fax. No. (956) 971-9451
jrg@rgvfirm.com

By:    /s/    John R. Griffith                                    
**JOHN R. GRIFFITH**
Texas Bar No. 08480750
S.D. Tex. Id. No.  12186
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on the 14 th day of July, 2017, a true and correct copy of the foregoing document has been sent in compliance with the Federal Rules of Civil Procedure to:

Everardo Abrego
944 W. Nolana Ste C
Pharr, TX 78577
Tel. No. (956) 702-4422
Fax. No. (956) 702-1676
litdept@abregolaw.com


/s/ John R. Griffith
JOHN R. GRIFFITH

**DEFENDANT UNION INSURANCE COMPANY'S NOTICE OF REMOVAL – PAGE 7**